**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUNOCO PIPELINE, L.P., | |
| *Plaintiff,* | |
| v. | Case No. 1:21-cv-01760-TSC |
| U.S. DEPARTMENT OF TRANSPORTATION, *et al.*, | |
| *Defendants.* | |

**<u>MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES
OF AMERICA FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF</u>**

Paul V. Lettow (D.C. Bar No. 502440)
Andrew R. Varcoe (D.C. Bar No. 473834)
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

John P. Elwood (D.C. Bar No. 452726)
Janine M. Lopez* (D.C. Bar No. 1685754)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
*John.Elwood@arnoldporter.com*

*\*Application for admission to
D.D.C. pending*

*Counsel for Amicus Curiae*

Pursuant to Local Civil Rule 7(o), the Chamber of Commerce of the United States of America ("Chamber") respectfully moves for leave to file a brief as *amicus curiae* in support of Plaintiff's Opposition to Defendants' Motion to Dismiss.  The proposed *amicus* brief and a proposed order are attached to this motion.  All parties have consented to the filing of the brief.  In support of its motion, the Chamber states as follows:

1.      The Chamber is the world's largest business federation.  The Chamber represents approximately 300,000 direct members and indirectly represents more than three million businesses and professional organizations of every size, in every sector, and from every geographic region of the country.  An important function of the Chamber is to represent the interests of its members in matters before the courts, Congress, and the Executive Branch.  To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

2.      The Chamber's members will be directly and substantially affected by the Court's decision in this case.  The Chamber's members frequently submit sensitive information to the federal government—whether voluntarily, as a condition of obtaining a government benefit, or under mandatory reporting provisions.  Whether such information is subject to public disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is of great importance to these businesses.  The Chamber therefore has a substantial interest in the proper interpretation of FOIA's exemptions, including the two exemptions at issue in this case.  The Chamber has a similarly weighty interest in ensuring that private parties can obtain judicial review of an agency's decision to disclose their information in response to a FOIA request.

3.      The Chamber is able to provide additional insight on several issues presented in this case.  The government principally argues that (1) Sunoco has not stated a cognizable

reverse-FOIA claim because it has not identified any law other than FOIA that bars disclosure of its information, and (2) the information does not fall within the scope of either Exemption 4 or Exemption 7(F).  The Chamber is well-positioned to explain the negative consequences that accepting these arguments would have—for private companies, for public safety, and for the government's ability to obtain the information it needs to function.  If a private company cannot challenge an agency's decision to disclose its sensitive records as arbitrary and capricious, it will be substantially less likely to share those records in the first place.  Similarly, if the scope of FOIA's exemptions is as narrow as the government contends, a private company may hesitate to share information that could end up in the hands of competitors or hostile actors seeking to cause harm.  Thus, by deterring companies from voluntarily sharing information (and by increasing the costs for companies subject to mandatory reporting obligations), the government's position would impair the efficacy of the many government programs that depend on strong cooperation between government and private parties.

4.     The Chamber is timely filing this motion and proposed *amicus* brief one week after Plaintiff filed its opposition to Defendants' motion to dismiss.  The motion will not unduly delay the Court's ability to rule on the motion to dismiss.

For the foregoing reasons, the Chamber respectfully requests leave to file the accompanying brief as *amicus curiae*.

Dated:  October 22, 2021

Paul V. Lettow (D.C. Bar No. 502440)
Andrew R. Varcoe (D.C. Bar No. 473834)
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

Respectfully submitted,

*/s/ John P. Elwood*

John P. Elwood (D.C. Bar No. 452726)
Janine M. Lopez* (D.C. Bar No. 1685754)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
*John.Elwood@arnoldporter.com*

*\*Application for admission to*
*D.D.C. pending*

*Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ John P. Elwood*
John P. Elwood
