IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNOCO PIPELINE L.P.,<br><br>     Plaintiff,<br>  v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, PETER BUTTIGIEG, SECRETARY OF THE DEPARTMENT OF TRANSPORTATION, IN HIS OFFICIAL CAPACITY, AND TRISTAN BROWN, ACTING ADMINISTRATOR OF THE PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, IN HIS OFFICIAL CAPACITY,<br><br>     DEFENDANTS. | Civil Action No. 1:21-cv-01760-TSC<br><br>**<u>OPPOSED</u>** |

**<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY</u>**

Plaintiff Sunoco Pipeline L.P. ("Sunoco"), by counsel, respectfully moves for leave to file a surreply in opposition to Defendants' Motion to Dismiss.[1] In their reply in support of their Motion to Dismiss, Defendants raise an entirely new argument, challenging long-established D.C. Circuit precedent holding that the Trade Secrets Act, 18 U.S.C. § 1905, is at least coextensive with Exemption 4 of the Freedom of Information Act ("FOIA") and, as a result, any information subject to the protections of Exemption 4 must be withheld from public disclosure. Defendants did not raise this argument in their initial brief, and Sunoco could not have anticipated that Defendants would assert this novel argument when they filed their response to the Motion to Dismiss. Allowing Sunoco to file a surreply would provide Sunoco with an opportunity to respond to

---

[1] Sunoco's proposed Surreply is attached as Ex. A hereto.

Defendants' new argument, would aid the Court in resolving the pending Motion to Dismiss and would not unduly prejudice Defendants, who have already had a full and fair opportunity to brief this issue. Alternatively, Sunoco requests that the Court exercise its discretion to decline to consider Defendants' new argument to which Sunoco has had no opportunity to fairly respond.

As required by LCvR 7(m), counsel for Sunoco has conferred with counsel for Defendants regarding this Motion, and Defendants have indicated that they will oppose the Motion.

## STANDARD OF REVIEW

The Court's local rules "contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Glass v. Lahood*, 786 F. Supp. 2d 189, 230 (D.D.C. 2011). Nonetheless, the Court retains discretion to grant a motion for leave to file a surreply. *Lu v. Lezell*, 45 F. Supp.3d 86, 91 (2014). "Surreplies are generally disfavored, and the determination of whether to grant or deny leave is entrusted to the sound discretion of the district court." *Robinson v. Panera, LLC*, No. 1:17-cv-2071 (TSC), 2019 WL 5216265, at *3 (D.D.C. Oct. 16, 2019) (quoting *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011)). Courts will allow a surreply if "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). To make this determination, "the district court should consider whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion; and whether the movant would be unduly prejudiced were leave to be granted." *Glass*. 786 F. Supp. 2d at 231. Alternatively, the Court may, in its discretion, elect to ignore arguments which the party seeking leave had no opportunity to contest. *Lu*, 45 F. Supp. 3d at 91.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.   Sunoco Should Be Given an Opportunity to Respond to Defendants' New Argument Regarding the Scope of the Trade Secrets Act and FOIA Exemption 4**

This Court routinely allows parties to file a surreply when arguments are raised for the first time in an opposing party's reply brief. *See THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 6 (D.D.C. 2018) ("If new arguments appear for the first time in a movant's reply, granting leave to file a surreply is appropriate."); *Nix El v. Williams*, 174 F. Supp. 3d 87, 92 (D.D.C. 20016) ("The purpose of a surreply is to enable the non-movant to contest matters presented for the first time in the opposing party's reply."); *King & Spalding, LLP v. U.S. Dept. of Health & Hum. Servs.*, No. 1:16-cv-01616 (APM), 2020 WL 1695081, at *1 (D.D.C. Apr. 7, 2020) ("The court finds that Defendants raised sufficiently new arguments in their reply brief for Plaintiff's short surreply to be appropriate.").

Here, Defendants argued in their opening brief that Sunoco must allege that some law other than FOIA constrained the Pipeline and Hazardous Materials Safety Administration's ("PHMSA") discretion to release information subject to a FOIA exemption. Mem. of L. in Supp. of Defs.' Mot. to Dismiss (ECF 12-1) ("Mot. to Dismiss") at 5. Defendants expressly acknowledged that the Trade Secrets Act could provide such a constraint. Mot. to Dismiss at 6 ("For this reason, '[m]any reverse-FOIA cases are explained in light of the Trade Secrets Act, 18 U.S.C. § 1905, which can constrain an agency's disclosure discretion.'" (quoting *Doe, 1 v. Fed. Election Comm'n*, 920 F.3d 866, 872 n.10 (D.C. Cir. 2019)).

Significantly, in their opening brief, Defendants did not challenge the extensive precedent in this Circuit holding that the Trade Secrets Act is exceedingly broad and applies to practically any commercial or financial data collected by any federal employee and so bars an agency from disclosing information which falls within Exemption 4. *See, e.g., Canadian Com. Corp. v. Dep't*

*of the Air Force*, 514 F.3d 37, 39 (D.C. Cir. 2008). To the contrary, Defendants' opening brief relied on the district court decision in *Canadian Commercial Corp.*, which cites to several cases in this Circuit holding that the Trade Secrets Act is at least coextensive with Exemption 4. *See* Mot. to Dismiss at 5; *Canadian Com. Corp. v. Dep't of the Air Force*, 442 F. Supp. 2d 15, 39-40 (D.D.C. 2006). Defendants also expressly rely on *Doe, 1 v. Fed. Election Comm'n*, which cites to the D.C. Circuit's decision in *Canadian Commercial Corp.* as governing authority. *See* Mot. to Dismiss at 5-6; *Doe, I*, 920 F.3d at 872 n.10. Far from challenging the settled law in this Circuit, the only argument Defendants raised in their opening brief relating to the Trade Secrets Act was that Sunoco's Complaint was deficient because it failed to explicitly plead a violation of the Act. *See* Mot. to Dismiss at 6. In response, Sunoco pointed out that PHMSA did not rely on its discretion as a basis for its decision that FOIA Exemption 4 did not apply and that the D.C. Circuit had long held that the Trade Secrets Act bars federal agencies from releasing information subject to Exemption 4. *See* Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss (ECF 13) at 12-14.

Despite Defendants' reliance on cases citing this Circuit's precedent holding that the scope of the Trade Secrets Act is at least coextensive with Exemption 4, Defendants' reply took an entirely new tack, asserting a sweeping re-interpretation of the relationship between Exemption 4 and the Trade Secrets Act. Contradicting their previous reliance on the district court decision in *Canadian Com. Corp.* and *Doe, 1*, Defendants argued—for the first time—that "Sunoco's theory is based on the mistaken premise that the Trade Secrets Act is 'co-extensive' with FOIA's exemption 4 for all purposes." Reply Mem. of L. in Supp. of Defs.' Mot. to Dismiss ("Reply") (ECF 19) at 5. To bolster their about-face, Defendants boldly requested that the Court ignore decades of controlling D.C. Circuit precedent, arguing that the Court of Appeals mistakenly relied on "conclusory statements and misunderstandings of prior case law to hold that FOIA's exemption

4

4 and the Trade Secrets are 'the same' or 'co-extensive.'"  Reply at 7.  Going even further, Defendants asserted that this authority has been abrogated by the United States Supreme Court's decision in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019).  Reply at 8-10.  *Argus Leader*, Defendants claim, broadened the scope of Exemption 4 so that "if exemption 4 was ever coextensive with the Trade Secrets Act it no longer is."  Reply at 10.

Sunoco has had no opportunity to respond to Defendants' challenge to the binding precedent of the D.C. Circuit or its arguments regarding the scope of the Trade Secrets Act and Exemption 4 after *Argus Leader*.  Defendants reversed course from their opening brief and waited until their reply to assert arguments criticizing the D.C. Circuit's decisions as incorrect, lacking sufficient analysis or conclusory.  Nor did Defendants cite *Argus Leader* in their opening brief or imply that the decision in that case altered the application of this Circuit's precedent.

Sunoco could not have anticipated Defendants' new argument.  Sunoco rightfully responded to the argument raised in the Defendants' opening brief (i.e., whether Sunoco properly alleged that PHMSA had violated the Administrative Procedures Act by concluding that Exemption 4 does not apply to the information at issue).  Sunoco did not address whether the D.C. Circuit authority holding that the Trade Secrets Act is at least as broad as Exemption 4 should be overturned or whether *Argus Leader* affected the scope of the Trade Secrets Act in relation to Exemption 4 because the Defendants did not raise those issues.

Moreover, Defendants' new arguments contradict the Department of Justice's ("DOJ's") official FOIA guidance, released after the *Argus Leader* decision, which concludes that

> the Court of Appeals for the District of Columbia Circuit and nearly every court that has considered the issue has found the Trade Secrets Act and Exemption 4 to be 'coextensive.'  Thus, the D.C. Circuit has held that if information falls within the scope of Exemption 4, it also falls within the scope of the Trade Secrets Act.

Department of Justice, *Guide to the Freedom of Information Act – Exemption 4* at 18-19 (Oct. 9, 2019) (the "DOJ Guidance"), https://www.justice.gov/oip/page/file/1207891/download (attached as Ex. 1 to Sunoco's proposed surreply). Despite discussing *Argus Leader* at length, the DOJ Guidance does not indicate in any way that *Argus Leader* changed the relationship between the Trade Secrets Act and Exemption 4. Based on Defendants' arguments in their opening brief and the DOJ Guidance, Sunoco would have had no reason to anticipate that Defendants would offer a new argument in its reply contradicting the DOJ Guidance and applicable controlling authority on which Defendants themselves had relied.

Because Defendants' reply presents an entirely new argument that Sunoco could not have anticipated, Sunoco should be given the opportunity to file a surreply to respond.

**II.     Sunoco's Surreply Would Assist the Court in Resolving the Motion to Dismiss**

A surreply is appropriate where it may provide information helpful to the Court in resolving the pending motion. *See Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011) (allowing a surreply where the "supplemental information" in a surreply "is helpful to the adjudication of the motion to dismiss"); *Cledenny v. The Architect of the Capitol*, 236 F. Supp. 3d 11, 17 n.2 (D.D.C. 2017) (allowing additional briefing that would be "beneficial to its resolution" of a motion for summary judgment). Here, Sunoco's proposed surreply contains argument and legal authority that contradict Defendants' reconstruction of the applicable case law and so will aid the Court in its review of Defendants' novel argument.

**III.    Allowing Leave to File a Surreply Will Not Prejudice Defendants**

Finally, courts consider the potential prejudice to the opposing party from the filing of a surreply. *See Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 86 (D.D.C. 2014) ("Absence of prejudice is another factor in favor of granting leave to file a surreply."). Here, allowing a

surreply will not prejudice Defendants, who have had a full and fair opportunity to brief their new argument.  *See* Reply at 5-10.  Further, any such prejudice would not be undue, especially when weighed against the prejudice to Sunoco caused by the introduction of new arguments after Sunoco filed its response.  *See Lightfoot v. District of Columbia*, No. 01-1484(CKK), 2007 WL 1087474, at *5 n.4 (D.D.C. Apr. 10, 2007) (granting a motion for leave to file a surreply "in the interest of justice").

## CONCLUSION

For the foregoing reasons, Sunoco requests that the Court grant its Motion for Leave to File a Surreply and order that Sunoco has leave to file its proposed Surreply to Defendants' Motion to Dismiss attached as Exhibit A.  Alternatively, Sunoco requests that the Court exercise its discretion to decline to consider Defendants' new argument related to the scope of the Trade Secrets Act and FOIA Exemption 4.

Dated:  December 3, 2021

By: /s/ Dabney J. Carr, IV
Marc D. Machlin (D.C. Bar No. 358661)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 Ninth Street, N.W., Suite 1000
Washington, D.C. 20004
202.220.1439
marc.machlin@troutman.com

Dabney J. Carr, IV (Bar ID: VA118)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Troutman Pepper Building
1001 Haxall Point
Richmond, VA 23219
804.697.1238
dabney.carr@troutman.com

*Attorneys for Plaintiff Sunoco Pipeline L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUNOCO PIPELINE L.P.,<br><br>     Plaintiff,<br>  v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, PETER BUTTIGIEG, SECRETARY OF THE DEPARTMENT OF TRANSPORTATION, IN HIS OFFICIAL CAPACITY, AND TRISTAN BROWN, ACTING ADMINISTRATOR OF THE PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, IN HIS OFFICIAL CAPACITY,<br><br>     DEFENDANTS. | Civil Action No. 1:21-cv-01760-TSC |

## CERTIFICATE OF SERVICE

On this 3rd day of December 2021, I hereby certify that a copy of the foregoing Motion for Leave to File Surreply has been filed on CM/ECF. Pursuant to Local Rule 5.4, this filing constitutes service on all parties of record.

Dated: December 3, 2021

                By: /s/ Dabney J. Carr, IV
                Marc D. Machlin (D.C. Bar No. 358661)
                TROUTMAN PEPPER HAMILTON
                SANDERS LLP
                401 Ninth Street, N.W., Suite 1000
                Washington, D.C. 20004
                202.220.1439
                marc.machlin@troutman.com

9

                                                Dabney J. Carr, IV (Bar ID: VA118)
                                                TROUTMAN PEPPER HAMILTON
                                                SANDERS LLP
                                                Troutman Pepper Building
                                                1001 Haxall Point
                                                Richmond, VA 23219
                                                804.697.1238
                                                dabney.carr@troutman.com

                                                *Attorneys for Plaintiff Sunoco Pipeline L.P.*