THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNOCO PIPELINE, L.P.,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>      Defendants. | Case No. 1:21-cv-01760-TSC |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

## INTRODUCTION

Defendants oppose Plaintiff Sunoco's belated request—filed 28 days after Defendants' motion-to-dismiss reply—seeking a surreply to further argue a legal claim that is absent from its complaint and, in any event, already addressed by prior briefing. As relevant here, Defendants have repeatedly explained that the company's reverse-FOIA claim fails because it has not alleged that some law other than FOIA affirmatively *prohibits* disclosure of a few lines of safety information about the general effects of a potential pipeline rupture. Defs.' Mot. at 4–7, ECF No. 12; Defs.' Reply at 2–14, ECF No. 19. Defendants' motion to dismiss specifically argued that "Sunoco did not base its APA [reverse-FOIA] claim on the Trade Secrets Act," since Sunoco's complaint fails to mention that statute, and Sunoco "could not do so." Defs.' Mot. at 6. Sunoco then fully responded to this argument in its motion-to-dismiss opposition, claiming for the first time that the information at issue "falls within [FOIA's] Exemption 4, and so its release is barred by the Trade Secrets Act." Pl.'s Opp'n at 12–14, ECF No. 13. Naturally, Defendants then responded to Sunoco's unpled contentions in their motion-to-dismiss reply, explaining that the Trade Secrets Act is not coextensive with exemption 4 for all purposes and, even if it were at one time, it no longer is. Defs.' Reply at 2–11. That purely legal issue is now fully briefed. And Sunoco's delayed episode of pleader's remorse—wishing it had raised the purported coextensiveness of Trade Secrets Act and exemption 4 in its complaint so that Defendants could have addressed it sooner—should not be rewarded with a needless surreply.

## ARGUMENT

A "sur-reply is a special dispensation, and is not simply an opportunity to reiterate arguments previously made or to make arguments that previously *could have* been made." *Nichols v. Vilsack*, 2014 WL 12941692, at *1 (D.D.C. May 29, 2014); *see* Pl.'s Mot. for Leave at 2, ECF No. 20 (agreeing that "[s]urreplies are generally disfavored"). "Were that not true, briefing would become an endless pursuit." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011). So while courts may allow a surreply "to contest matters raised for the

1

first time in the movant's reply," a surreply "will rarely be appropriate" where "the movant's reply does not expand the scope of the issues presented." *Stanley v. Duff*, 2021 WL 1721607, at *3 (D.D.C. Apr. 30, 2021) (Chutkan, J.) (citations omitted). That is exactly the situation here: Defendants' motion-to-dismiss reply did not expand the scope of the issues beyond whether some law (including the Trade Secrets Act) affirmatively prohibits disclosure of the information at issue. So it is unsurprising that all of the factors courts examine—"whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion; and whether the movant would be unduly prejudiced were leave to be granted"—weigh against an unnecessary surreply. *Id.*

**I.     Defendants' reply did not expand the scope of the issues presented.**

Everyone agrees that Defendants squarely presented the issue of whether Sunoco could use the Trade Secrets Act as a basis for its reverse-FOIA claim. In Sunoco's own words, "Defendants argued in their opening brief that Sunoco must allege that some law other than FOIA constrained the [agency's] discretion to release information subject to a FOIA exemption," and "Defendants expressly acknowledged that the Trade Secrets Act could provide such a constraint." Pl.'s Mot. for Leave at 3. Defendants even specifically argued that "Sunoco did not base its APA [reverse-FOIA] claim on the Trade Secrets Act" and "it could not do so." Defs.' Mot. at 6. Sunoco then fully responded to this argument in its opposition, claiming for the first time that the pipeline-rupture information "falls within [FOIA's] Exemption 4, and so its release is barred by the Trade Secrets Act." Pl.'s Opp'n at 12–14. In reply, Defendants rebutted Sunoco's belated argument, clarifying that the Trade Secrets Act is not coextensive with exemption 4 for all purposes and, even if it were at one time, it no longer is. Defs.' Reply at 2–11.

"As Courts consistently observe, when arguments raised for the first time in reply fall within the scope of the matters the opposing party raised in opposition, and the reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate."

*Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (citations omitted). That is exactly what happened here. Defendants' detailed arguments about the interaction between exemption 4 and the Trade Secrets Act, while "raised for the first time in reply," were a direct response to Sunoco's opposition-brief argument that "the scope of the [Trade Secrets] Act is at least co-extensive with that of Exemption 4 of FOIA," and that the information at issue "falls within Exemption 4, and so its release is barred by the Trade Secrets Act." Pl.'s Opp'n at 12–13 (citations omitted). That's what a reply brief is for: to rebut contentions made in the non-movant's opposition. And Defendants' arguments fit neatly within the key issue that they originally raised: Sunoco has not plausibly alleged that the Trade Secrets Act or any other law *prohibits* disclosure of the information at issue.[1] *See* Defs.' Reply at 2–5. As this Court has specifically held, a surreply is "inappropriate" where, as here, Defendants "have not expanded the scope of the issues presented, but have instead merely addressed the arguments raised by [p]laintiffs." *Stanley*, 2021 WL 1721607, at *4 (Chutkan, J.); *Robinson v. Panera, LLC*, 2019 WL 5216265, at *4 (D.D.C. Oct. 16, 2019) (Chutkan, J.) (denying leave for a surreply where "[p]laintiff admit[ted] that her intent [wa]s to address [d]efendant's misrepresentation of a case" because "[d]efendant's use of [a] case cannot properly be considered a new argument where both [p]laintiff and [d]efendant had access to the case for the entire time this case has been pending").

---

[1] Sunoco emphasizes that "Defendants' new arguments contradict the Department of Justice's [ ] official FOIA guidance." Pl.'s Mot. for Leave at 5–6. But DOJ's FOIA Guide is irrelevant to the issues here: whether Defendants' reply-brief arguments were within the scope of their opening-brief arguments (they were), whether Sunoco's surreply would be helpful to the Court (it wouldn't), and whether Defendants would be prejudiced by the surreply (they would). In any event, although the FOIA Guide was never inconsistent with Defendants' arguments, it was recently updated to reflect that the Supreme Court's decision in *Argus Leader* "expands the scope of Exemption 4 and may impact the relationship between Exemption 4 and the Trade Secrets Act to the extent they were previously considered coextensive." Department of Justice, *Guide to the Freedom of Information Act – Exemption 4* at 21–23 (Dec. 16, 2021), *available* here.

3

At bottom, had Sunoco pled that the information at issue "falls within Exemption 4, and so its release is barred by the Trade Secrets Act," Defendants would have addressed this issue in their opening brief. *See* Pl.'s Opp'n at 13. But the complaint relied exclusively on Exemption 4 and said nothing about the Trade Secrets Act. So while Sunoco chastises Defendants for "wait[ing] until their reply" to raise "arguments regarding the scope of the Trade Secrets Act and Exemption 4 after *Argus Leader*," Pl.'s Mot. for Leave at 5, Defendants had no way of knowing to raise those arguments until Sunoco's opposition made clear that it was relying on the purported coextensiveness of the Trade Secrets Act and exemption 4 to support its deficient reverse-FOIA claim. *See* Pl.'s Opp'n at 12–14. With the Trade Secrets Act completely absent from Sunoco's complaint, Defendants' opening brief guessed at Sunoco's theory and argued everything that needed to be argued at that stage: "many reverse-FOIA cases are explained in light of the Trade Secrets Act," but "Sunoco did not base its APA claim on the Trade Secrets Act," and "it could not do so" because the pipeline-rupture information at issue does not fall within any of the Act's prohibitions. Defs.' Mot. at 6.

"The fact is, [Sunoco] took a litigation gamble by failing to address" the Trade Secrets in its complaint. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). "They lost." *Id.*; *Nichols*, 2014 WL 12941692, at *1 (explaining that a surreply "is not simply an opportunity . . . to make arguments that previously *could have* been made"). The Court should therefore dismiss Sunoco's complaint. *See* Defs.' Reply at 4–5. But at the very least, "[t]he Court [should] not grant leave to file a surreply to put [Sunoco] back in the game." *U.S. ex rel. Pogue*, 238 F. Supp. 2d at 277.

## II.  Sunoco's proposed surreply would not be helpful to the Court.

The proposed surreply is also unhelpful to the Court because it addresses a purely legal matter. Indeed, Sunoco's only argument for the helpfulness of its surreply is that it "contains argument and legal authority that contradict Defendants' reconstruction of the applicable case law." Pl.'s Mot. for Leave at 6. But "[a] surreply is most appropriate where the new matter introduced [on reply] is factual." *U.S. ex rel. Pogue*, 238 F. Supp. 2d at 277. And some courts

4

have expressed "doubts that the existence of statutory or case law can *ever* be 'new matter' so as to permit the filing of a surreply." *Id.* (emphasis added); *Robinson*, 2019 WL 5216265, at *4 (Chutkan, J.) (explaining that "[d]efendant's use of [a] case cannot properly be considered a new argument where both [p]laintiff and [d]efendant had access to the case for the entire time this case has been pending," and the plaintiff could have—as Sunoco already did here—address the case law in opposition). As this Court has specifically held, "given that interpreting case law is within the province of this court, Plaintiff's surreply recharacterizing the authority would not be helpful." *Robinson*, 2019 WL 5216265, at *4 (Chutkan, J.). Sunoco argued that the Trade Secrets Act and exemption 4 are coextensive for all purposes, Pl.'s Opp'n at 12–14; Defendants argued that they are not, Defs.' Reply at 5–11. Quite simply, "the Court is more than capable of ascertaining the merits of the parties' respective positions on its own." *Crummey*, 794 F. Supp. 2d at 63; *Robinson*, 2019 WL 5216265, at *4 (Chutkan, J.) ("[A] surreply is inappropriate to amplify issues already addressed in briefing."). So "Plaintiff's attempt to use the surreply as a vehicle to correct an alleged mischaracterization [of law] is improper and unnecessary, and the court [should] exercise its discretion to deny the motion." *Robinson*, 2019 WL 5216265, at *4 (Chutkan, J.).

### III. Considering Sunoco's surreply would be unduly prejudicial to Defendants.

Because Sunoco's proposed surreply is unhelpful and unnecessary, it is not intrinsically prejudicial to Defendants. *See Robinson*, 2019 WL 5216265, at *4 (Chutkan, J.). But it would nonetheless be manifestly unfair for the Court to consider it due to (1) Sunoco's delay in filing the surreply, and (2) Sunoco's continued argument of an unpled claim.

Sunoco waited a full 28 days after Defendants' reply to file its motion and proposed surreply. That's twice as long as parties usually have to oppose a motion and *four times* as long as parties usually have to reply. *See* LCvR 7(b), (d). Sunoco gives no reason why its seven-page motion for leave and nine-page proposed surreply—which simply rehashes decades-old D.C. Circuit cases that it already cited in its opposition—could not be submitted more expeditiously. To the extent the Court wished to move forward on Defendants' motion

5

to dismiss, Sunoco's belated motion only delays this litigation and further capitalizes on Defendants' agreement to withhold the general pipeline-rupture information "pending final resolution of this matter by the Court." Compl. ¶ 6, ECF No. 1.

More fundamentally, however, Sunoco should not be permitted to file a surreply on a legal theory that appears nowhere in its complaint. As Defendants have repeatedly explained, Sunoco's complaint points to no law that affirmatively *prohibits* disclosure of the general pipeline-rupture information at issue, as it was required to do. *See* Defs.' Mot. at 4–7; Defs.' Reply at 2–14; *see, e.g.*, *id.* at 4 ("Sunoco cites nothing for the proposition that a plaintiff, especially one represented by sophisticated counsel, can simply allege various facts and make the court sort out whether those facts correspond to any viable legal claim."). It was only after Defendants moved to dismiss—and themselves raised Trade Secrets Act—that Sunoco revealed its theory: exemption 4 is supposedly coextensive with the Trade Secrets Act, and because the information at issue purportedly "falls within Exemption 4," its "release is barred by the Trade Secrets Act." *Compare* Defs.' Mot. at 6 *with* Pl.'s Opp'n at 12–13. It would be perverse to award Sunoco with a surreply when Defendants simply rebutted an argument in reply that the company did not raise until its opposition, all of which is within the scope of Defendants' original motion. Such a ruling would only encourage other plaintiffs to produce the very kind of deficient pleading here that should result in dismissal of the complaint, not a surreply.

## CONCLUSION

For the reasons explained in Defendants' motion, Sunoco's complaint should be dismissed because, among other reasons, it failed to plausibly allege that any law prohibits disclosure of the pipeline-rupture information at issue. Defs.' Mot. at 4–7; Defs.' Reply at 2–11. It is "well settled law that a plaintiff cannot amend his complaint by the briefs in opposition to a motion to dismiss," *Rose v. U.S. Dep't of Just.*, 2019 WL 1597736, at *2 (D.D.C. Apr. 15, 2019) (Chutkan, J.) (citations omitted), and Sunoco should certainly not be allowed to file an improper and unnecessary surreply that would essentially do the same.

DATED: December 17, 2021                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA M. BERMAN
Assistant Director, Federal Programs Branch

/s/ Stephen Ehrlich
STEPHEN EHRLICH
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Attorneys for Defendants*