**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUNOCO PIPELINE L.P., | |
| Plaintiff, | Civil Action No. 1:21-cv-01760-TSC |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION, PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, PETER BUTTIGIEG, SECRETARY OF THE DEPARTMENT OF TRANSPORTATION, IN HIS OFFICIAL CAPACITY, AND TRISTAN BROWN, ACTING ADMINISTRATOR OF THE PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, IN HIS OFFICIAL CAPACITY, | **OPPOSED** |
| DEFENDANTS. | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE SURREPLY**

Defendants ask this Court to believe that they had no inkling of settled legal principles or the Department of Justice's own FOIA Guide when responding to the Complaint, that they could not have anticipated that Sunoco Pipeline L.P. ("Sunoco") would point out that basic law, and that their open dismissal of decades of binding precedent and their own policies—in a reply brief— should have come as no surprise. Defendants get things backwards: Sunoco could not have anticipated Defendants' new arguments, and the Court should allow Sunoco to file its surreply to provide Sunoco with a fair chance to respond to the substantive new legal issues raised in Defendants' reply brief.

**ARGUMENT**

**I.      Defendants' Reply Exceeded the Scope of their Motion to Dismiss.**

Defendants acknowledge that they raised their challenge to long-established D.C. Circuit

precedent holding that the Trade Secrets Act, 18 U.S.C. § 1905, is at least coextensive with

Exemption 4 of the Freedom of Information Act ("FOIA") for the first time in their reply brief in

support of their Motion to Dismiss. *See* Defs.' Opp. to Pl.'s Mot. for Leave to File Surreply (ECF

21) ("Def. Opp.") at 3 ("Defendants' detailed arguments about the interaction between exemption

4 and the Trade Secrets Act . . . [were] 'raised for the first time in a reply.'"). Defendants claim,

however, that their reply did not expand the scope of the issues presented but merely "clarif[ied]"

their Motion to Dismiss. *Id*. at 2-3. Not so.

The Motion to Dismiss contained only a single paragraph arguing that Sunoco failed to

*plead* the Trade Secrets Act and made no mention of Defendants' current position that *Food*

*Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019) abrogated all current authority

on the relationship between the Trade Secrets Act and Exemption 4. Mot. to Dismiss at 6. The first

time Defendants raised the *Argus Leader Media* decision was in their reply brief, much of which

they spend arguing that an entire body of D.C. Circuit precedent on the Trade Secrets Act should

be overruled. That is too late to argue to overturn settled law. *See Overstreet v. United States*, 855

Fed. App'x 619, 621, n.2 (11th Cir. 2021) (per curiam).[1] Defendants' reply is "manifestly unfair

to" Sunoco and warrants the Court declining to exercise its discretion to consider Defendants' new

---

[1] *See also United States v. McCant*, 805 F. App'x 859, 863 (11th Cir. 2020) (per curiam) (argument
to "overrule our prior panel precedent" cannot be raised in reply); *United States v. Nee*, 261 F.3d
79, 86, n. 6 (1st Cir. 2001) ("[T]he government waited until its reply brief to argue explicitly that
*Lott* is no longer good law."); *Duran v. Fernandez Bros., Inc.*, No. 15-CV-03058-LHK, 2015 WL
7012884, at *3 (N.D. Cal. Nov. 12, 2015) (declining to consider a request to abandon precedent
raised for the first time in a reply brief); *Swanagan v. McDonough*, 34 Vet. App. 226, 236-37
(2021) (same).

2

arguments or granting Sunoco leave to file a surreply. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195-96 (D.C. Cir. 1992) (declining to consider new argument raised in a reply brief).

Defendants' opposition even betrays the novelty of the argument in their reply. The Department of Justice issued a revised version of its official FOIA Guide **the day before Defendants filed their opposition** to Sunoco's motion. *See* Defs.' Opp. at 3, n.1.[2] The after-the-fact revisions to the DOJ FOIA Guide demonstrate unequivocally that Sunoco had no way of anticipating Defendants' sudden reversal of course. As a result, Sunoco's proposed surreply does not make arguments that it could have made before, and it addresses fatal shortcomings in Defendants' new theories, which distinguishes this case from the authority cited by Defendants. *See* Defs.' Opp. at 4 (citing *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270 (D.D.C. 2002) and *Nichols v. Vilsack*, No. 13-cv-1502, 2014 WL 12941692 (D.D.C. May 29, 2014)).

Defendants attempt to excuse their actions by feigning ignorance of the law, claiming that "Defendants had no way of knowing" that Sunoco might invoke "the purported coextensiveness of the Trade Secrets Act and exemption 4." *Id.* at 4. That assertion implies Defendants had no way of knowing of a long chain of D.C. Circuit precedent directly applicable to their Motion to Dismiss, some of which they cited in their opening brief. *See* Pl.'s Mot. for Leave File Surreply (ECF 20)

---

[2]  The hurried revisions to the Department of Justice ("DOJ") FOIA Guide also appear to violate DOJ's own procedures for revising the Guide. The website of DOJ's Office of Information Policy states that the FOIA Guide will be updated "on a rolling basis as significant new developments in FOIA occur." *See* https://www.justice.gov/oip/doj-guide-freedom-information-act-0.  The December 16 revisions to the FOIA Guide, however, rely on a novel interpretation of the decision in *Argus Leader Media* (which pre-dates the prior version of the Guide) and other authority that dates from 1995 or earlier. The only new decision cited in last week's revisions to the FOIA Guide is a footnote from an unreported district court case that does not address the scope of the Trade Secrets Act relative to Exemption 4. *Id.* at n.110 (citing *Seife v. FDA*, No. 17-3960, 2020 WL 5913525, at *6 (S.D.N.Y. Oct. 6, 2020)). Thus, there have been no "significant new developments in FOIA" which could justify DOJ's apparently sudden edits to the FOIA Guide.

at 3-4 (citing Mot. to Dismiss at 5). It also implies that Defendants had no way knowing of their own FOIA Guide recognizing that same precedent. *See id.* at 5-6.

Defendants did not need *the Complaint* or *Sunoco's opposition brief* to know they were bound by these authorities. They knew from the start. It is precisely why PHMSA did *not* rely on agency discretion as grounds to avoid withholding under Exemption 4.[3] *Compare* Compl., Ex. T at 4-7, *with id.* at 8 (invoking discretionary release despite Exemption 7). Defendants could have and should have asked this Court to reject D.C. Circuit precedent in their opening brief. They did not do so and waiting to do so until the reply brief is clear prejudice to Sunoco.

## II.    The Surreply Will Aid the Court.

Sunoco's surreply will assist the Court in its consideration of Defendants' new claim that the Court should overturn long-standing precedent in this Circuit and its consideration of Defendants' novel interpretation of the Supreme Court's decision in *Argus Leader Media*. Surreplies are not limited to new matter which is factual, and Sunoco's surreply responds to new *arguments* raised by Defendants, not new statutory or case law cited by Defendants in support of an argument that Defendants previously made. *See ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No. 16-cv-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (granting leave for surreply to address "new arguments and legal theories").

For that reason, the case law Defendants cite is inapposite. *See* Defs.' Opp. at 4-5. For example, Sunoco's surreply addresses issues that it has not had an opportunity to brief, and so the surreply does not discuss issues already addressed in briefing nor does it "merely reiterate[] what is already in the record," as in *Robinson v. Panera*, 2019 WL 5216265 (D.D.C. Oct. 16, 2019)

---

[3]    The gap between the reply's new theories and the original agency action only illustrate Defendants' fundamental violation of the *Chenery* doctrine. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see* Mem. of in Opp. to Defs.' Mot. to Dismiss ("Opp.") (ECF 13) at 10-12, 16.

(Chutkan, J.). Similarly, unlike *Chumney v. Social Security Administration*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), Sunoco's surreply does not seek to correct mischaracterizations of Sunoco's arguments in the reply brief. Rather, Sunoco seeks to address new positions taken by the Defendants for the first time in their reply.

### III.    Defendants Suffer No Prejudice.

Finally, Defendants argue that a surreply would be unduly prejudicial because Sunoco did not file its motion until 28 days after Defendants filed their reply in support of their motion to dismiss. *See* Defs.' Mot. at 5-6. The Court's local rules, however, do not set any time limit for requesting leave to file a surreply. Further, since the Court has not decided whether to grant Sunoco's request for oral argument or ruled on the Motion to Dismiss, there is no prejudice or additional delay. Defendants also neglect to mention that Sunoco notified Defendants that it intended to request leave to file a surreply on November 23, but Defendants did not respond to indicate they would oppose that motion until November 30. Sunoco filed its Motion on December 3, only three days after receiving notice that the motion would be opposed.

Defendants also argue that Sunoco should not be permitted to file a surreply because its Complaint does not allege a violation of the Trade Secrets Act. Def. Mot. at 6. That argument, however, would effectively bar Sunoco from raising any argument relating to the Trade Secrets Act, but Sunoco is entitled to have the Court consider its arguments in opposition to Defendants' Motion to Dismiss. Finally, Defendants' position would severely prejudice Sunoco, depriving it of any opportunity to address arguments which Defendants concede were made for the first time in its reply and which Sunoco could not have anticipated based on Defendants' opening brief.

## CONCLUSION

For the foregoing reasons, Sunoco requests that the Court grant its Motion for Leave to File a Surreply and order that Sunoco has leave to file its proposed Surreply to Defendants' Motion to Dismiss attached as Exhibit A.

Dated: December 23, 2021

By: /s/ Dabney J. Carr, IV
Marc D. Machlin (D.C. Bar No. 358661)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
401 Ninth Street, N.W., Suite 1000
Washington, D.C. 20004
202.220.1439
marc.machlin@troutman.com

Dabney J. Carr, IV (Bar ID: VA118)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Troutman Pepper Building
1001 Haxall Point
Richmond, VA 23219
804.697.1238
dabney.carr@troutman.com

*Attorneys for Plaintiff Sunoco Pipeline L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SUNOCO PIPELINE L.P.,

                Plaintiff,

       v.

U.S. DEPARTMENT OF TRANSPORTATION,
PIPELINE AND HAZARDOUS MATERIALS
SAFETY ADMINISTRATION, PETER
BUTTIGIEG, SECRETARY OF THE
DEPARTMENT OF TRANSPORTATION, IN HIS
OFFICIAL CAPACITY, AND TRISTAN
BROWN, ACTING ADMINISTRATOR OF THE
PIPELINE AND HAZARDOUS MATERIALS
SAFETY ADMINISTRATION, IN HIS OFFICIAL
CAPACITY,

                DEFENDANTS.

Civil Action No. 1:21-cv-01760-TSC

**<u>CERTIFICATE OF SERVICE</u>**

On this 23 day of December 2021, I hereby certify that a copy of the foregoing Reply

Memorandum in Support of Motion for Leave to File Surreply has been filed on CM/ECF.

Pursuant to Local Rule 5.4, this filing constitutes service on all parties of record.

Dated: December 23, 2021

By: <u>/s/ Dabney J. Carr, IV</u>
Marc D. Machlin (D.C. Bar No. 358661)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
401 Ninth Street, N.W., Suite 1000
Washington, D.C. 20004
202.220.1439
marc.machlin@troutman.com

Dabney J. Carr, IV (Bar ID: VA118)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Troutman Pepper Building
1001 Haxall Point
Richmond, VA 23219
804.697.1238
dabney.carr@troutman.com

*Attorneys for Plaintiff Sunoco Pipeline L.P.*