THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNOCO PIPELINE, L.P., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-01760-TSC |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants write to inform the Court of the D.C. Circuit's recent decision in *CREW v. DOJ*, --- F.4th ---, 2023 WL 1113218 (D.C. Cir. Jan. 31, 2023), which supports Defendants' argument that the information at issue here—general risk-analysis data about the possible consequences of a pipeline rupture—is not "commercial" information under FOIA's exemption 4. *See* Defs.' Mot. to Dismiss at 7–11, ECF No. 12; Defs.' Reply at 19–25, ECF No. 19. In *CREW*, the D.C. Circuit held that exemption 4 "cover[s] only information that, in and of itself, demonstrably pertains to the exchange of goods or services or the making of a profit." *CREW*, 2023 WL 1113218, at *4, 6, 9. The court explained that its prior cases identify disclosure-related commercial harms "as confirmation of the commercial or noncommercial nature of the information itself," but "[t]hey do not treat such consequences alone as sufficient to establish that information is 'commercial' under Exemption 4." *Id.* at *8; *accord* Defs.' Reply at 19–23 & n.14.[1]

---

[1] *CREW* involved the question of whether the names of businesses that contracted with the government to supply and test lethal-injection drugs are "commercial" information protected by exemption 4. The D.C. Circuit found that the government's declarations were inadequate to show that the names were commercial in nature or function and thus concluded that the government's exemption 4 claim "rest[ed] . . . *exclusively* on the potential commercial consequences of disclosure," which the court deemed insufficient to satisfy the commerciality

1

DATED: February 15, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA M. BERMAN
Assistant Director, Federal Programs Branch

/s/ *Stephen Ehrlich*
STEPHEN EHRLICH
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Phone:  (202) 305-9803
Email:  stephen.ehrlich@usdoj.gov

*Attorneys for Defendants*

---

prong of exemption 4.  2023 WL 1113218, at *8.  The government, however, did not intend to argue that commercial consequences alone would transform non-commercial information into commercial information under exemption 4.  Rather, it argued that the names of the businesses were commercial information *both* because disclosure would lead to negative commercial consequences and because the information was "'connect[ed] with [their] commercial enterprise[s]'" and revealed facts "about their business operations," Brief for Appellee at 26, 29, Case No. 21-5276 (D.C. Cir. June 22, 2022).  To the extent there is any perceived tension between the government's filings in *CREW* and its filings in this case, that was inadvertent.  In any event, the D.C. Circuit has now made clear that the mere existence of commercial consequences is insufficient to demonstrate that information is "commercial."