THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNOCO PIPELINE, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-01760-TSC |

**DEFENDANTS' CONSENT MOTION FOR**
**VOLUNTARY REMAND AND STAY**

## INTRODUCTION

Two and a half years ago, Sunoco filed this reverse-FOIA case seeking to prevent the government from disclosing a few lines of safety information from a 10-page document that cites the company for certain pipeline-safety violations. After the parties agreed that the government would not disclose the information while this litigation is pending, they briefed Defendants' motion to dismiss. *See* Compl. ¶ 6, ECF No. 1; Mot. to Dismiss Ex. 1, ECF No. 12-1. The Court partially denied that motion, holding that Sunoco adequately pled a claim "[a]t the motion to dismiss stage" under exemption 4 and the Trade Secrets Act, but that "Plaintiff's Exemption 7(F) allegations cannot form the basis of its reverse-FOIA claim." Opinion, ECF No. 30. In light of the Court's ruling, and mounting case law bearing on the legal issues here, the government now seeks a stay of this litigation and a voluntary remand for the agency to reconsider its decision. Sunoco consents to this motion.

## BACKGROUND

After the Pipeline and Hazardous Materials Safety Administration inspected Sunoco's Mariner East 2 pipeline system in Pennsylvania, the agency issued a Notice of Probable Violation (NOPV) and Proposed Compliance Order, alleging that Sunoco violated certain pipeline-safety regulations. *See* Compl. ¶¶ 1–2; Mot. to Dismiss Ex. 1, ECF No. 12-2. The NOPV excerpted a few lines of data from risk-analysis reports that Sunoco had provided to the agency during the 2018 inspection. Comp. ¶¶ 17–18; *see* Mot. to Dismiss Ex. 1. These excerpts quoted general information about the possible consequences of a pipeline rupture. *See* PHMSA Final Determination, (June 24, 2021), Compl. Ex. T at 6, ECF No. 1-1. Eventually, the agency decided to publicly release the NOPV in full. *Id.*

Sunoco then filed this reverse-FOIA lawsuit, advancing one claim under the APA that the agency's decision to release the unredacted NOPV "improperly applies FOIA exemptions 4 and 7(F), and is contrary to established law and violates applicable Agency regulations." Compl. ¶ 66. Defendants moved to dismiss the complaint, arguing that Sunoco failed to state a claim because no law mandates nondisclosure of the general safety information at

1

issue and, in any event, such information does not fall into exemption 4 or exemption 7(F). The Court partially denied Defendants' motion, holding that Sunoco adequately pled a claim "[a]t the motion to dismiss stage" under exemption 4 and the Trade Secrets Act, but that "Plaintiff's Exemption 7(F) allegations cannot form the basis of its reverse-FOIA claim." Opinion, ECF No. 30.

## ARGUMENT

In light of the Court's motion-to-dismiss opinion and the mounting case law in this area, Defendants seek—with Sunoco's consent—a voluntary remand for the agency to reconsider its decision to disclose the information at issue. Courts in this circuit "commonly grant" voluntary-remand motions. *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *Code v. McHugh*, 139 F. Supp. 3d 465, 470 (D.D.C. 2015). To obtain a voluntary remand, an agency need not "confess error or impropriety"; it must simply "profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386–87 (D.C. Cir. 2017) (Kavanaugh, J.); *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) ("[E]ven if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position."). As long as the agency intends to do so—and a remand request is not "frivolous," made in "bad faith," or unduly prejudicial to the nonmoving party—courts will remand. *Cadillac of Naperville, Inc. v. NLRB*, 14 F.4th 703, 719 (D.C. Cir. 2021).

The Court should follow the usual course and remand here. Since the agency decided to disclose the general pipeline-safety information in the NOPV, nearly two and a half years have passed. In that time, mounting case law has further clarified the legal standards applicable here, including whether information is "commercial" and "confidential" for purposes of exemption 4. *See, e.g.*, *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 58 F.4th 1255, 1265 (D.C. Cir. 2023) (clarifying that exemption 4 covers "only information that, in and of itself, demonstrably pertains to the exchange of goods or services or the making of a profit"); *Gandhi v. Centers for Medicare & Medicaid Servs.*, 2023 WL 2707879, at *3 (D.D.C. Mar.

30, 2023) (noting the "current law of the D.C. Circuit" regarding confidentiality); *see also* Opinion, ECF No. 30 (opining on exemption 4 "[a]t the motion to dismiss stage"). Those were both key issues in the agency's decision. *See* Compl. Ex. T. at 3–7. Relatedly, courts have continued to clarify and apply the FOIA Improvement Act's foreseeable-harm test to exemption 4 materials. *See, e.g.*, *Seife v. U.S. Food & Drug Admin.*, 43 F.4th 231, 241–42 (2d Cir. 2022) (holding that "the foreseeable harm requirement" is met "by showing foreseeable commercial or financial harm to the submitter upon release of the contested information"); *Shteynlyuger v. Centers for Medicare and Medicaid Services*, 2023 WL 6389139, at *25 (D.D.C. Sept. 30, 2023) (same). The agency has not yet undertaken that analysis for the information at issue and would plan to do so on remand.

These reasons are not "frivolous" or "made in bad faith," which essentially equates to an agency seeking "remand as a pretext for dismissal." *Empire Health Found. v. Becerra*, 2022 WL 1442788, at *2 (D.D.C. May 6, 2022). Defendants are not asking for dismissal here. If the agency on remand decides not to disclose the information at issue, presumably Sunoco would voluntarily dismiss its case. And if the agency instead reconsiders its decision but continues to seek disclosure, Defendants would be fully prepared to continue litigating.

But regardless of the *outcome* on remand, the remand itself is in everyone's interests. A remand would conserve the Court's and the parties' resources, helpfully foregoing further litigation over a decision the agency wishes to reconsider. This causes no prejudice to Sunoco because Defendants have already agreed not to disclose the information at issue while this litigation—including any voluntary remand—is pending. *See* Compl. ¶ 6. Because the agency has "profess[ed] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge," the Court should grant Defendants' consent motion for voluntary remand. *Limnia*, 857 F.3d at 386–87.

\* \* \*

Sunoco states as follows: Sunoco disagrees with Defendants' characterization of the information contained in the NOPVs that Sunoco claims is exempt from disclosure under

FOIA and disagrees with Defendants' characterization of the case law decided since the agency's determination in 2019, but Sunoco does not contest Defendants' request for a voluntary remand.

## CONCLUSION

For the reasons explained above, the Court should grant Defendants' motion for voluntary remand and stay this case pending further submission of the parties.

DATED: November 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA M. BERMAN
Assistant Director, Federal Programs Branch

/s/ Stephen Ehrlich
STEPHEN EHRLICH
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Phone:  (202) 305-9803
Email:   stephen.ehrlich@usdoj.gov

*Attorneys for Defendants*